# JEFFERSON KIMBALL & others *vs.* HOWARD FIRE INSURANCE COMPANY.

Upon the face of a policy were printed provisions that in case the assured already had other insurance on the property, not notified to the company and mentioned in the policy, this policy should be void; and that if subsequent insurance should be obtained, and not notified to the company and indorsed upon the policy, the policy should cease. *Held* that a clause inserted in writing upon the face of the policy, in these words, " other insurances permitted without notice until required," applied to prior as well as to subsequent insurances; and that a previous policy did not therefore avoid this one; but, if it contained similar printed clauses, was itself made void by the obtaining of this one, without any vote or adjudication by the previous insurers that the property was over insured and an election by them to cancel their policy; although they by their policy reserved the right to cancel it in case of any subsequent insurance which, with theirs, should in their opinion amount to an over insurance.

A notice by the assured to the agent of an insurance company, of the assured's intention to procure subsequent insurance upon the same property, is not evidence of a compliance with a provision in the first policy requiring any subsequent insurance to be made known to the first insurers and indorsed upon the policy or otherwise acknowledged in writing by them.

The question whether reasonable diligence has been used in communicating a subsequent insurance to the first insurers, when all the facts are agreed, is a question of law for the court.

Seven months is an unreasonable delay in giving notice of a subsequent insurance to previous insurers whose policy expressly required the assured to give such notice " with reasonable diligence."

A policy of insurance against fire, issued by a stock company, in consideration of an entire premium, for one-sum upon a stock of goods, and for an additional sum upon the fixtures in the same shop, and stipulating that in case of any subsequent insurance " on the same property," without a certain notice and acknowledgment, " this policy shall cease, and be of no further effect," is wholly avoided by such a subsequent insurance on the goods only.

ACTION OF CONTRACT upon a stock policy, whereby the defendants, in consideration of one premium, insured the plaintiffs $5,700 on their stock of goods, and $300 on fixtures in the same shop, and on the face of which were printed the three clauses following : " Provided further, that in case the assured shall have already any other insurance against loss by fire, on the property hereby insured, not notified to this company and mentioned in or indorsed upon this policy, then this insurance shall be void and of no effect. And if the said assured, or their assigns, shall hereafter make any other insurance on the same property, and shall not, with all reasonable diligence, give notice thereof to this company, and have the same indorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease, and be of no further effect. And if any subsequent insurance should be made upon the property hereby insured, which, with the sum or sums already insured, should, in the opinion of the said Howard Fire Insurance Company, amount to an over insurance, said company reserve to themselves the right of cancelling this policy, by paying to the insured the unexpired premium *pro rata.*"

Answer, a policy for $4,000 subsequently obtained by the plaintiffs upon the same stock of goods, and not notified to the defendants, or indorsed upon the policy in suit, or acknowledged by them in writing. Upon the face of the second policy was written, " other insurances permitted without notice until required ; " and there were printed clauses precisely like the two first of the three above quoted from the policy in suit.

Trial before *Bigelow,* J., who made a report thereof to the full court, so much of which as is material to the understanding of the points of law decided is stated in the opinion.

*B. F. Brooks & J. D. Ball,* for the plaintiffs.

*H. F. Durant & B. Dean,* for the defendants.

BIGELOW, J.[*] 1. At the time of the loss by fire, the plaintiffs had two policies of insurance on their stock of goods ; one issued by the defendants, bearing date April 2d 1851, and the other by the Hudson River Fire Insurance Company, dated April 19th 1851. The former contains the following stipulation : " If the assured or their assigns shall hereafter make any other insurance on the same property, and shall not, with all reasonable diligence, give notice thereof to this company, and have the same indorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease, and be of no further effect." There was no notice given to the defendants of the existence of the second policy until the 19th of November 1851, after the stock of goods had been destroyed by fire.

Upon these facts, it is quite clear that the decision of the case depends on the validity of the second policy. If it was valid, then, by the express terms of the contract with the defendants, their liability as insurers ceased ; if, on the other hand, it was for any reason invalid, so that it was not a binding contract on the company by whom it was issued, then there was no subsequent insurance on the property, and the plaintiffs are entitled to recover. To this extent the authorities are clear and decisive. *Jackson* v. *Massachusetts Mutual Fire Ins. Co.* 23 Pick. 418. *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 342. *Barrett* v. *Union Mutual Fire Ins. Co.* 7 Cush. 175. *Forbes* v. *Agawam Mutual Fire Ins. Co.* 9 Cush. 470.

The plaintiffs contend that the second policy never became an operative contract, because it contained a proviso that it should be void and of no effect, if the assured " shall have already any other insurance against loss by fire on the property hereby insured, not notified to this corporation, and mentioned in or indorsed upon this policy," and because it does not appear that any such notice was given to the Hudson River Company of the existence of the prior policy, which the plaintiffs seek to

[*] METCALF, J. did not sit in this case.

enforce in this action. This would be a sound argument, if there was nothing in the second policy to vary or control the effect of this proviso. But there is a written clause, which we think was intended to annul the usual printed formula as to prior and subsequent insurance, and which, rightly construed, must be held to have that effect. It is in these words : " Other insurances permitted without notice until required."

The plaintiffs, however, seek to limit the operation of this stipulation, so that it shall apply only to policies of insurance subsequently made upon the property insured. But there are decisive objections to this construction. The words are general, and must be held to have a general application. It is " other," not " further " or " future " insurance, which is permitted without notice. In other parts of the policy, when a distinction is intended to be made between prior and subsequent insurance, it is carefully marked by apt words, which clearly indicate to which of the two reference is made. Besides ; by the printed clause it was required of the assured that he should give notice to the company of both prior and subsequent insurance. When by a written clause, to which, as expressing the recent and more immediate intent of the parties, we are to give greater effect than any stipulation in the usual printed form, it is provided, that notice of other insurance need not be given, it must be inferred that it was the purpose to dispense with that provision of the contract which otherwise required the assured to give notice of all insurance on the property, whether prior or subsequent to the date of the policy. The second insurance obtained by the plaintiffs was not therefore rendered invalid by failure to notify the company of the previous policy on the property. It was a valid subsisting insurance, and the failure of the plaintiffs to give notice thereof to the defendants avoided the policy declared on in this action.

2. It was urged by the plaintiffs that, if the second policy was valid, their contract was not thereby rendered void, because there was no vote or adjudication by the defendants that the property covered by the insurance was over insured and no election by them to cancel the policy issued to the plaintiffs. This

argument is founded on that clause in the policy which provides that "if any subsequent insurance should be made upon the property hereby insured, which, with the sum or sums already insured, should, in the opinion of the said Howard Fire Insurance Company, amount to an over insurance, said company reserve to themselves the right of cancelling this policy, by paying to the insured the unexpired premium *pro rata.*"

But this provision had no reference to insurance on the property, procured without notice to the defendants and without their assent. It was inserted *alio intuitu.* The manifest purpose was to give to the defendants the right to annul the policy at any time when the insurance on the property of which they had notice, and to which they had assented, together with the amount insured by themselves, was so great as, in their opinion, to constitute an over insurance on the property covered by the policy. This was an important right to the defendants, especially when insurance was made on a stock of goods which might at any time become greatly reduced in value, and thereby the temptation to cause a fraudulent loss be very much increased.

3. The evidence offered of the notice given to the agent of the defendants, of an intention by the plaintiffs to procure other insurance, was wholly immaterial. If it could have full effect as a notice to the defendants, it would not prove a compliance with the stipulations in the policy which required actual notice of the subsequent insurance, after it was obtained, and an indorsement of it on the policy, or a written acknowledgment thereof from the defendants. *Worcester Bank* v. *Hartford Fire Ins. Co.* 11 Cush. 265. *Hale* v. *Mechanics' Mutual Fire Ins. Co.* 6 Gray, 173. *Loring* v. *Manufacturers' Ins. Co. ante,* 32, 33.

4. Nor can the plaintiffs, by the notice given after the destruction of the property by fire, and seven months subsequently to the date of the second policy, be deemed to have made known the fact of the subsequent insurance to the defendants seasonably. When the facts are not in dispute, it is the province of the court to determine, as a question of law, what is reasonable diligence. *Wheeler* v. *Field,* 6 Met. 295. *Prescott Bank* v. *Caverly,* 7 Gray, 221. Under the circumstances of this case, it was clearly

the duty of the plaintiffs to have given to the defendants immediate notice of the existence of the second policy.

5. The omission of the defendants to comply with the stipulations in their policy, requiring them to give notice to the defendants of the subsequent insurance, is fatal to their whole claim under the policy. They cannot therefore recover for the loss on fixtures, although not included in the subsequent insurance. The contract is, that if the assured fail to give the notice required, the policy shall cease and be of no further effect. The entire contract was therefore terminated. *Lee* v. *Howard Fire Ins. Co.* 3 Gray, 594. *Judgment for the defendants.*